### Board of Councilmen of the City of Frankfort v. Gordon, et al.

(Decided March 22, 1918.)

#### Appeal from Franklin Circuit Court.

Municipal Corporations—Delinquent Taxes—Action to Recover.—A city of the third class can not maintain an action to recover upon a tax bill for delinquent taxes where the property is incorrectly listed in the name of one who does not own, claim or possess the property which is charged to be in lien therefor, until the city

complies with the requirements of section 3403, Kentucky Statutes, and corrects and perfects the assessment.

F. M. DAILEY for appellant.

DULIN MOSS for appellees.

Opinion of the Court by Judge Sampson—Affirming.

This action was instituted by the Board of Councilmen of the City of Frankfort against Thomas Gordon and wife, Lizzie Gordon, on a tax bill for the years 1910, 1911 and 1912, due, as it is alleged, upon real property owned by the Gordons. Thomas Gordon owns a house and lot on Washington street, and his wife, Lizzie Gordon, owned a small house and lot on Dudley Street in Frankfort; the two do not adjoin. Thomas Gordon had no interest whatever in the house and lot owned by his wife other than such as came to him as the result of the marriage relation. Both pieces of property were assessed in the name of Thomas Gordon; the piece owned by him at seven hundred dollars, and that of his wife at three hundred dollars, total one thousand dollars. The taxes were not paid. It is the contention of the city that it is entitled to enforce its lien on the property of Lizzie Gordon, and recover the taxes due upon her property for the years named even though it was not properly listed against her. For Mrs. Gordon it is asserted that as there was no assessment of the property against her and the city failed to correct the list when attention was called to the error, this action is not maintainable.

Frankfort is a city of the third class. It is encumbent upon the city to make its assessments and enforce its tax liens in strict accordance with the statutes regulating cities of the same class. No assessment whatever was made of the property to Mrs. Lizzie Gordon, and no demand was made of her for the taxes at any time within either of said tax years. If the tax books and tax bills which show the property assessed against Thomas Gordon contained an error, the statutes, section 3403, provide how and when the same shall be corrected, and Mrs. Gordon was not liable at the suit of the city for the tax until it had complied with the law in respect to the correction of erroneous assessments.

The second paragraph of the answer of the defendants, as amended, admits that the property described in the petition is the identical property owned by Mrs. Lizzie

Gordon in the years 1910, 1911 and 1912, and that the same is correctly described in the tax bill; and it is further alleged "the said property never did belong to Thomas Gordon; that at no time has Thomas Gordon been the holder of the legal title, or the holder of the equitable title of said property, or has he been the claimant or bailee in possession of said property; that the said property was not assessed in the christian name or surname of the owner of it; that the said property was not assessed in the name of the owner of the first freehold estate therein; that the property was not assessed at all for the years herein set out in the name of the owner of it."

The third paragraph of the answer pleads that after the filing of the suit Mrs. Lizzie Gordon notified the city attorney that the property had not been assessed in the name of the owner of it; that the city of Frankfort had not passed an ordinance making a correction in any assessment irregularly or improperly made of said property nor given notice of the place and time of meeting of any board of supervisors; that said city had not appointed a special board of tax supervisors to correct the improper or irregular assessments.

A demurrer was interposed by the city to the answer, as amended, and was overruled by the trial court, whereupon the city filed a reply traversing the affirmative allegations of the answer as amended, and setting up certain other affirmative matter. This reply, however, was shortly thereafter, by the consent of the court, withdrawn, and the city declined to plead further; thereupon the court dismissed the petition.

The ordinance levying the tax was not void, and the property described in the petition was liable for the taxes, but the property was not assessed in the name of the owner thereof, although in the name of a person who did not then and had never owned or possessed it. This was such an error as is contemplated by section 3403, Kentucky Statutes, which provides for perfecting and correcting assessments, and it was the duty of the city and its revenue agencies to make such correction in accordance with the provisions of that section. Failing to do so the city is not entitled to maintain this action. The answer as amended presented a good defense, and the demurrer thereto was properly overruled.

Judgment affirmed.